UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:  9:23-cv-80973

PANORAMIC STOCK IMAGES, LTD DBA
PANORAMIC IMAGES,

      Plaintiff,

v.

MARIA EUGENIA ZELAYA and
PARTNERSHIP REALTY INC.,

      Defendants.

_____/

## MOTION TO SET ASIDE DEFAULT AND MOTION FOR SANCTIONS

The Defendant, PARTNERSHIP REALTY INC., pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure respectfully request this Honorable Court to set aside the default entered on August 10, 2023, and to further issue sanctions against the Plaintiff and their attorney for filing a pleading containing a false representation, and as grounds states:

1.     The Plaintiff filed its Complaint against Defendants, MARIA EUGENIA ZELAYA and PARTNERSHIP REALTY INC., on June 29, 2023.

2.     The Defendant, MARIA EUGENIA ZELAYA, was served with Plaintiff's lawsuit on July 1, 2023.

1

3.     The Defendant, PARTNERSHIP REALTY INC. was served with Plaintiff's lawsuit on July 6, 2023.

4.     A Corporate Representative for the Defendant, PARTNERSHIP REALTY INC., came to the undersigned's office on July 24, 2023, and retained the undersigned for representation in this case.

5.     On July 24, 2023, the undersigned spoke by telephone to Plaintiff's attorney, Marian Quintero, advised said counsel of his representation, and specifically requested a 20-day extension of time to file a responsive pleading to the Complaint.   The undersigned informed Ms. Quintero that he was having back surgery on July 31, 2023 and that the co-defendant, Maria Eugenia Zelaya would also be obtaining an attorney in the near future. Ms. Quintero agreed to the extension of time and also indicated that this additional time could be utilized to attempt to determine what the Plaintiff was seeking to settle the case early.

6.     The undersigned confirmed this telephone conversation with an email to Ms. Quintero confirming the agreement for the 20-day extension, on July 25, 2023 at 9:28 A.M.   See Exhibit 1.

7.     Pursuant to the agreement between the parties, the Defendant's responsive pleading would be due on August 14, 2023.

8. Consistent with the agreement as set forth in Exhibit 1, on July 26, 2023 Ms. Quintero sent the undersigned an email setting forth a settlement demand. See Exhibit 2

9. Ms. Quintero knew of the undersigned's representation of the Defendant, Partnership Realty Inc., as she sent this demand to the undersigned in an attempt to resolve the case prior to the extension date of a responsive pleading being due.

10. The undersigned had back surgery on July 31, 2023 and was hospitalized for two days.

11. On August 9, 2023, which was 5 days before the date that was agreed upon for Defendant to file a responsive pleading if necessary should a settlement not be reached, the undersigned sent Ms. Quintero another email with a counter-offer. See Exhibit 3.

12. The Defendant has a meritorious defense regarding this action as set forth in Exhibit 3. More specifically, the Defendant, Partnership Realty Inc. is a real estate Broker, and had no knowledge of a website that was prepared by a third party on behalf of a salesperson. The third person allegedly utilized the photograph at issue without knowledge of the Defendants.

13.     Ms. Quintero did not immediately respond to the undersigned's email. Rather, without notifying the undersigned, Marian Quintero, on behalf of the Plaintiff filed Plaintiff's Motion for Entry of Clerk's Default against both Defendants. See Exhibit 4.

14.     In this motion, Ms. Quintero alleged, "The time allowed for Defendants to respond to the Complaint has expired. Neither Panoramic nor the Court has granted Defendants an extension of time to respond to the Complaint."   Ms. Quintero failed to point out to the Court that an agreement had been reached for an extension of time to file a pleading and that she had been in contact with the undersigned by email and telephone.

15.     A greater concern is the Declaration of Marian V. Quintero in Support of Motion for Entry of Clerk's Default, which was filed with Plaintiff's Motion for Entry of Clerk's Default. See Exhibit 5.   In this Declaration, Ms. Quintero specifically swore to the facts in the pleading.   Page 2 of the Declaration states, "I declare under perjury under the laws of the United States of America that the foregoing is true and correct."   The nine paragraphs of the Declaration of Marian V. Quintero, were therefore made under the penalty of perjury represented to be true and correct.

4

16.     Paragraph 7 of Ms. Quintero's Declaration specifically states, " Defendants have not been granted an extension of time to respond to the Complaint."   See Exhibit 5.   Paragraph 7 of Ms. Quintero's Declaration is not true, and it appears that Ms. Quintero under penalty of perjury filed a pleading that contained a false representation.

17.     The undersigned was not notified by Ms. Quintero that she was taking action to file a Motion for Entry of Clerk's Default.   A Clerk's Default was entered on August 10, 2023.

18.     On August 14, 2023, the undersigned had not received any response from Ms. Quintero.   The undersigned wrote Ms. Quintero an email asking if she had had an opportunity to review the undersigned's email of August 9, 2023.   See Exhibit 6.

19.     On August 14, 2023, the undersigned again contacted Ms. Quintero by email reminding her the he had not heard back from her in connection with the two recent emails regarding settlement. A request was made for an additional 5-day extension to resolve the case or file an appropriate pleading. The undersigned was unaware that a Default had been entered 4 days earlier. See Exhibit 7

20.     After business hours on August 14, 2023, Ms. Quintero finally responded to the undersigned and indicated that she had not heard back from the

5

undersigned until a week after the deadline.   See Exhibit 8.   This representation was untrue as the agreed 20-day extension deadline continued until August 14, 2023.

21.   Further, on August 15, 2023, after finding out about the default, the undersigned requested of Ms. Quintero whether she would agree to allow counsel to submit an Agreed Order Setting Aside the Default in light of the circumstances. See Exhibit 9.   Ms. Quintero responded by simply indicating undersigned counsel needed to file a Motion to Set Aside the Default.   There was no indication that she would agree to the granting of the motion.

22.   The Defendant maintains that as set forth in this Motion and attached Affidavit, that good cause exists, and this Court should set aside the default.   See Exhibit 10.   More specifically, the undersigned relied on the agreement between the parties to an extension of time to file a responsive pleading.   In that period of time, the parties were attempting in good faith to resolve the case promptly. However, without any notice to the undersigned, Plaintiff filed for a Default while leading the undersigned to believe that there was an agreement for an extension of time to file a responsive pleading until August 14, 2023.   The Defendant maintains that under the circumstances, the default was obtained as a fraud and Plaintiff made a false statement and this resulted in surprise, mistake and excusable neglect.

23.     The Plaintiff filed a false pleading whose allegations were made under the penalty of perjury to obtain a default from this Court.   The Defendant submits that said actions by Ms. Quintero were egregious and unprofessional. An attorney should not be permitted to file a false pleading with this Court.   Said action constitutes at minimum a fraud on the Court.

WHEREFORE, the Defendant, PARTNERSHIP REALTY INC., respectfully requests this Honorable Court to enter an Order Vacating the Clerk's Default that was entered on August 10, 2023 and to issue sanctions against the Plaintiff and its attorney, including but not limited to dismissing the action and to award Defendant reasonable attorney's fees.

Respectfully submitted,

GLENN H. MITCHELL, ESQ.
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777

*/s/ Glenn H. Mitchell*

By: _____

GLENN H. MITCHELL, ESQ.
Florida Bar No. 239267

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.   I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ **Glenn H. Mitchell***

By: _____

GLENN H. MITCHELL, ESQ.
Florida Bar No. 239267

8

EXHIBIT 1

Panoramic Stock Images, Ltd dba Panoramic Images v. Maria Eugenia Zelaya and Partnership Realty, Inc., Case No.: 9:23-cv-80979-RLR

From:  GLENN H. MITCHELL (ghmitchelllaw@aol.com)

To:    marian.quintero@sriplaw.com

Date:  Tuesday, July 25, 2023 at 09:28 AM EDT

Marian:

As per our telephone conversation of July 24, 2023, I will be representing Partnership Realty, Inc., in the case that you have filed on behalf of Panoramic Stock Images, in the United States District Court Case Number 9:23-cv-80979-RLR.  Based on our agreement, you have provided me with a 20-day extension of time to file a responsive pleading.  For your information, I am having back surgery on July 31, 2023.  Further, it is my understanding that co-defendant, Maria Zelaya, will be obtaining an attorney in the near future.  Additionally, as per our discussion, please give me an idea of what your client is seeking.

I look forward to hearing from you in the near future.

Glenn Mitchell

LAW OFFICE OF GLENN H. MITCHELL
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777

**EXHIBIT 2**

Re: Panoramic Stock Images, Ltd dba Panoramic Images v. Maria Eugenia Zelaya and Partnership Realty, Inc., Case No.: 9:23-cv-80979-RLR

From:  Marian Quintero (marian.quintero@sriplaw.com)

To:    ghmitchelllaw@aol.com

Date:  Wednesday, July 26, 2023 at 04:27 PM EDT

**FRE 408 CONFIDENTIAL SETTLEMENT COMMUNICATIONS**

Dear Mr. Mitchell:

The claims against your client include copyright infringement and copyright management information removal. My client is seeking statutory damages. Pursuant to 17 USC 504(c), my client is entitled to damages in the range of $750-$30,000 for non-willful copyright infringement and up to $150,000 if found to be willful. As for the copyright management information removal claim, my client is entitled to recover a statutory damages award of $2,500 to $25,000 for each violation, as well as attorney's fees and injunctive relief under 17 U.S.C. § 1703.

My client authorized me to make a demand of $25,000. This demand is based on the following factors:

First, Courts often award a deterrence multiplier as "it costs less to obey the copyright laws than to violate them." *Broadcast Music, Inc. v. Pamdh Enter., Inc.*, No. 13-CV-2255 (KMW), 2014 WL 2781846, at *3 (S.D.N.Y. June 19, 2014); *See Odnil Music Litd. V. Katharsis, LLC*, CIV-S-05-0545, 2006 WL 2545869 at *7 (E.D. Cal. July 21, 2006) ("Recognizing the important deterrent purpose served by statutory damages…").

Further, unlike actual damages, statutory damages include a deterrence component, which justifies a higher award. *See Webloyalty.com, Inc. v. Consumer Innovations, LLC*, 388 F. Supp. 2d 435, 442 (D. Del. 2005). In fact, Congress intended the statutory damages to be "substantially" higher than actual damages: Courts…must be able to render awards that deter others from infringing intellectual property rights. It is important that the cost of infringement substantially exceed the costs of compliance, so that persons who use or distribute intellectual property have a strong incentive to abide by the copyright laws. H.R. Rep. No. 106–216, at 6 (1999).

And statutory damages may be elected regardless of the adequacy of evidence offered as to actual damages. *See Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001). In fact, the Supreme Court has stated that "even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within [the] statutory limits to sanction and vindicate the statutory policy" of discouraging infringement. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952).

As outlined above, courts will apply multipliers to determine statutory damages. These multipliers can be based on licensing, or they can be based on the minimum statutory damages. Multipliers can be awarded for deterrence, scarcity, exclusivity, and market value. Please let us know if we can get this resolved for $25,000.

Best,



Florida | Los Angeles | New York | Atlanta | Nashville

**Marian V. Quintero**
Associate
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
Main: (561) 404-4350
Direct: (786) 743-0018
Marian.quintero@sriplaw.com
www.sriplaw.com

**From:** GLENN H. MITCHELL <ghmitchelllaw@aol.com>
**Sent:** Tuesday, July 25, 2023 9:28 AM
**To:** Marian Quintero <marian.quintero@sriplaw.com>
**Subject:** Panoramic Stock Images, Ltd dba Panoramic Images v. Maria Eugenia Zelaya and Partnership Realty, Inc., Case No.: 9:23-cv-80979-RLR

Marian:

As per our telephone conversation of July 24, 2023, I will be representing Partnership Realty, Inc., in the case that you have filed on behalf of Panoramic Stock Images, in the United States District Court Case Number 9:23-cv-80979-RLR.  Based on our agreement, you have provided me with a 20-day extension of time to file a responsive pleading.  For your information, I am having back surgery on July 31, 2023.  Further, it is my understanding that co-defendant, Maria Zelaya, will be obtaining an attorney in the near future.  Additionally, as per our discussion, please give me an idea of what your client is seeking.

I look forward to hearing from you in the near future.


Glenn Mitchell



LAW OFFICE OF GLENN H. MITCHELL
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777

EXHIBIT 3

Re: Panoramic Stock Images, Ltd dba Panoramic Images v. Maria Eugenia Zelaya and Partnership Realty, Inc., Case No.: 9:23-cv-80979-RLR

From:  GLENN H. MITCHELL (ghmitchelllaw@aol.com)

To:      marian.quintero@sriplaw.com

Date:  Wednesday, August 9, 2023 at 01:53 PM EDT

Ms. Quintero

I apologize that it has taken me a little bit of time to get back with you, but I had spinal surgery on July 31, 2023, and I am just getting back on my feet.  I have done a little bit of investigation.  I represent Partnership Realty, which is the Broker.  I am trying to help Ms. Zelaya, but if this goes any further, she will have to obtain her own attorney.  Partnership Realty is a real estate broker that had no knowledge of what Ms. Zelaya was doing.  Partnership Realty is innocent in this matter and received no benefits.  My investigation reveals that perhaps you have sued the wrong party.  More specifically, Ms. Zelaya hired a company by the name of 10minuteswebsite.com to build her a website.  She had no knowledge if this company acted with any impropriety.  As a salesperson, she needed to place down a broker's name under Florida law. Perhaps, you should direct your lawsuit to 10minuteswebsite.  It appears that this company used the photograph. If there is a wrongdoer, it is the web designer, not Partnership Realty or Ms. Zelaya.

I have briefly looked at your complaint and it is not my intention at this time to file a motion to dismiss, as I believe there are some problems with your pleading. However, to bring this matter to a prompt conclusion, I have the authority to offer your client the sum of $2,000, which will be shared between these two defendants in full settlement of this action.  I think it is going to be difficult for your client to prove actual damages, and the statutory damages seem to be minimal.

If this is acceptable, please notify me immediately so the case can be brought to a prompt conclusion.  If not, please let me know and I will file an appropriate motion and see that Ms. Zelaya gets proper representation.

I look forward to hearing from you in the near future.


Glenn Mitchell

LAW OFFICE OF GLENN H. MITCHELL
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777

On Wednesday, July 26, 2023 at 04:27:35 PM EDT, Marian Quintero <marian.quintero@sriplaw.com> wrote:

**FRE 408 CONFIDENTIAL SETTLEMENT COMMUNICATIONS**

Dear Mr. Mitchell:

The claims against your client include copyright infringement and copyright management information removal. My client is seeking statutory damages. Pursuant to 17 USC 504(c), my client is entitled to damages in the range of $750-$30,000 for non-willful copyright infringement and up to $150,000 if found to be willful. As for the copyright management information removal claim, my client is entitled to recover a statutory damages award of $2,500 to $25,000 for each violation, as well as attorney's fees and injunctive relief under 17 U.S.C. § 1703.

My client authorized me to make a demand of $25,000. This demand is based on the following factors:

First, Courts often award a deterrence multiplier as "it costs less to obey the copyright laws than to violate them." *Broadcast Music, Inc. v. Pamdh Enter., Inc.*, No. 13-CV-2255 (KMW), 2014 WL 2781846, at *3 (S.D.N.Y. June 19, 2014); *See Odnil Music Litd. V. Katharsis, LLC*, CIV-S-05-0545, 2006 WL 2545869 at *7 (E.D. Cal. July 21, 2006) ("Recognizing the important deterrent purpose served by statutory damages…").

Further, unlike actual damages, statutory damages include a deterrence component, which justifies a higher award. *See Webloyalty.com, Inc. v. Consumer Innovations, LLC*, 388 F. Supp. 2d 435, 442 (D. Del. 2005). In fact, Congress intended the statutory damages to be "substantially" higher than actual damages: Courts…must be able to render awards that deter others from infringing intellectual property rights. It is important that the cost of infringement substantially exceed the costs of compliance, so that persons who use or distribute intellectual property have a strong incentive to abide by the copyright laws. H.R. Rep. No. 106–216, at 6 (1999).

And statutory damages may be elected regardless of the adequacy of evidence offered as to actual damages. *See Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001). In fact, the Supreme Court has stated that "even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within [the] statutory limits to

sanction and vindicate the statutory policy" of discouraging infringement. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952).

As outlined above, courts will apply multipliers to determine statutory damages. These multipliers can be based on licensing, or they can be based on the minimum statutory damages. Multipliers can be awarded for deterrence, scarcity, exclusivity, and market value. Please let us know if we can get this resolved for $25,000.

Best,



Florida | Los Angeles | New York | Atlanta | Nashville

**Marian V. Quintero**
Associate
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
Main: (561) 404-4350
Direct: (786) 743-0018
Marian.quintero@sriplaw.com
www.sriplaw.com

---

**From:** GLENN H. MITCHELL <ghmitchelllaw@aol.com>
**Sent:** Tuesday, July 25, 2023 9:28 AM
**To:** Marian Quintero <marian.quintero@sriplaw.com>
**Subject:** Panoramic Stock Images, Ltd dba Panoramic Images v. Maria Eugenia Zelaya and Partnership Realty, Inc., Case No.: 9:23-cv-80979-RLR

Marian:

As per our telephone conversation of July 24, 2023, I will be representing Partnership Realty, Inc., in the case that you have filed on behalf of Panoramic Stock Images, in the United States District Court Case Number 9:23-cv-80979-RLR.  Based on our agreement, you have provided me with a 20-day extension of time to file a responsive pleading.  For your information, I am having back surgery on July 31, 2023.  Further, it is my understanding that co-defendant, Maria Zelaya, will be obtaining an attorney in the near future.  Additionally, as per our discussion, please give me an idea of what your client is seeking.

I look forward to hearing from you in the near future.

Glenn Mitchell

LAW OFFICE OF GLENN H. MITCHELL
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777

EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.:  9:23-cv-80973**

PANORAMIC STOCK IMAGES, LTD DBA
PANORAMIC IMAGES,

       Plaintiff,

v.

MARIA EUGENIA ZELAYA and
PARTNERSHIP REALTY INC.,

       Defendants.

---

### PLAINTIFF'S MOTION FOR ENTRY OF CLERK'S DEFAULT

Plaintiff PANORAMIC STOCK IMAGES, LTD DBA PANORAMIC IMAGES

("Panoramic") by and through its undersigned counsel, hereby requests that the Clerk enter

default in this matter against Defendants MARIA EUGENIA ZELAYA and PARTNERSHIP

REALTY INC. (collectively "Defendants") hereto on the ground that Defendants have failed to

appear or otherwise respond to the Complaint within the time prescribed by the Federal Rules of

Civil Procedure. The Declaration of MARIAN V. QUINTERO in Support of Motion for Entry of

Clerk's Default ("Quintero Decl.") filed concurrently herewith demonstrates as follows:

On July 1, 2023, Partnership Realty Inc. was served with the Summons and a copy of the

Complaint and exhibits by personal service, by serving its registered agent, Ismael Alvarez, 1663

South Congress Avenue, West Palm Beach, Florida 33406.

On July 6, 2023, Maria Eugenia Zelaya was served with the Summons and a copy of the

Complaint and exhibits by substitute service, at 732 Elm Road, West Palm Beach, Florida 33409.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

The time allowed for Defendants to respond to the Complaint has expired. Neither Panoramic nor the Court has granted Defendants an extension of time to respond to the Complaint. Defendants have failed to answer or otherwise respond to the Complaint, or serve a copy of any Answer or other response upon Plaintiff's attorney of record.

Panoramic is informed and believes that Partnership Realty Inc. is a corporation and is not considered an infant or incompetent person. Panoramic is informed and believes that Maria Eugenia Zelaya is not considered an infant or incompetent person. Plaintiff is informed and believes that the Servicemembers Civil Relief Act does not apply to Defendants.

WHEREFORE, Plaintiff Panoramic Stock Images, Ltd dba Panoramic Images requests that a default be entered by the Clerk against Defendants Maria Eugenia Zelaya and Partnership Realty Inc. and for such other and further relief as to the Court deems just and proper in the premises.

Dated: August 9, 2023                    Respectfully submitted,


                                         */s/Marian V. Quintero*
                                         MARIAN V. QUINTERO
                                         Florida Bar Number: 1040194
                                         marian.quintero@sriplaw.com
                                         JOEL B. ROTHMAN
                                         Florida Bar Number: 98220
                                         joel.rothman@sriplaw.com

                                         **SRIPLAW, P.A.**
                                         21301 Powerline Road
                                         Suite 100
                                         Boca Raton, FL 33433
                                         561.404.4350 – Telephone
                                         561.404.4353 – Facsimile

                                         *Counsel for Plaintiff Panoramic Stock Images, Ltd
                                         dba Panoramic Images*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.:  9:23-cv-80973**

PANORAMIC STOCK IMAGES, LTD DBA
PANORAMIC IMAGES,

    Plaintiff,

v.

MARIA EUGENIA ZELAYA and
PARTNERSHIP REALTY INC.,

    Defendants.

_____

### DECLARATION OF MARIAN V. QUINTERO IN SUPPORT OF MOTION FOR ENTRY OF CLERK'S DEFAULT

I, MARIAN V. QUINTERO, declare and say:

1.  I am an attorney duly licensed to practice before this Court, and I am counsel for Plaintiff PANORAMIC STOCK IMAGES, LTD DBA PANORAMIC IMAGES ("Panoramic") in the above-captioned matter. I make this Declaration, which is filed in support of Plaintiff's Motion for Entry of Clerk's Default, and I could and would testify competently to the matters set forth herein.

2.  On June 28, 2023, Plaintiff filed its Complaint against Defendants MARIA EUGENIA ZELAYA ("Zelaya") and PARTNERSHIP REALTY INC. ("Partnership") (collectively "Defendants") [ECF 1].

3.  On July 1, 2023, Partnership Realty Inc. was served with the Summons and a copy of the Complaint and exhibits by personal service, by serving its registered agent, Ismael Alvarez, 1663 South Congress Avenue, West Palm Beach, Florida 33406.

4.      On July 7, 2023, Maria Eugenia Zelaya was served with the Summons and a copy of the Complaint and exhibits by substitute service, at 732 Elm Road, West Palm Beach, Florida 33409.

5.      Attached hereto as Exhibit "A" is a true and correct copy of the Affidavit of Service on file with the Court, reflecting that Defendant Partnership was served by personal service and Defendant Zelaya was served by substitute service, with their respective Summons and a copy of the Complaint and Exhibits.

6.      The time allowed for Defendants to respond to the Complaint has expired.

7.      Defendants have not been granted an extension of time to respond to the Complaint.

8.      Defendants have failed to answer or otherwise respond to the Complaint, or serve a copy of their Answer or other response upon Plaintiff's attorneys of record.

9.      I am informed and do not believe that Defendants are infants or incompetent persons, and, upon information and belief, the Servicemembers Civil Relief Act does not apply.

I declare under perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 9, 2023.


                                        /s/ Marian V. Quintero
                                        MARIAN V. QUINTERO



2

# Exhibit
# A

Case 9:23-cv-80973-RLR Document 13-1 Entered on FLSD Docket 08/29/2023 Page 21 of 52

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | | |
|---|---|---|
| Panoramic Stock Images, Ltd dba Panoramic Images | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 9:23-cv-80973-RLR |
| Maria Eugenia Zelaya and Partnership Realty, Inc. | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Maria Eugenia Zelaya
732 Elm Road
West Palm Beach, Florida 33409

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Joel B. Rothman
SRIPLAW
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
joel.rothman@sriplaw.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: Jun 29, 2023 _____



**SUMMONS**

*s/ Nadhege Augustin*
_____
Deputy Clerk
U.S. District Courts

Angela E. Noble
Clerk of Court

Majestic Process     Tel:  561 310-4690

## RETURN OF SERVICE

Case no.:  9:23 cv 80973 RLR          Court:  United States District, Southern Florida

Plaintiff:  PANORAMIC STOCK IMAGES, LTD dba PANORAMIC IMAGES

Defendant:  MARIA EUGENIA ZELAYA  and PARTNERSHIP REALTY, INC.

Hearing Date:  21 days
Writ:  Summons and Complaint for Copyright Infringement
For:  Joel B Rothman, Esq.
     Schneider Rothman IP Law Group PLLC

TO BE SERVED ON:          MARIA EUGENIA ZELAYA
                          732 Elm Road, West Palm Beach, FL  33409

   I received this process on  June 30, 2023 at 5:30 p.m.

   I executed service on  July 1, 2023 at 1:30 p.m.
   I delivered a copy of this process in accordance with state statutes in the manner
below:

_____INDIVIDUAL SERVICE:  Served the within named person.

XX__SUBSTITUTE SERVICE:  Served at the within named person's usual place of abode
     with a person residing therein the age of l5 years or older and explained the general
      nature of the process:  George Zelaya   (brother)

_____OTHER SERVICE:  Served:

_____NON SERVICE:  For the reasons in the comments below.

DESCRIPTION:  Cauc Hisp male, 38 years, tall, av wt, dark hair
MILITARY:   Mr Zelaya stated that Def is not in the military
COMMENTS:  In driveway:  Honda 256RCK, Black Silverado 901QLK, White Silverado JD
Roofing work vehicle IZJN56

I certify that I am over the age of 18, have no interest in the above action, and have proper
authority in the jurisdiction in which this service was made.  Under penalty of perjury, I declare
that the facts set forth in the foregoing Return of Service are true and correct.

Laurie Witkin
Process Server #576 in good
standing, 15th Circuit Court,
Palm Beach County, Florida

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

| | |
|---|---|
| Panoramic Stock Images, Ltd dba Panoramic Images | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No.    9:23-cv-80973-RLR |
| Maria Eugenia Zelaya and Partnership Realty, Inc. | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Partnership Realty, Inc.
c/o Registered Agent: Ismael Alvarez
1663 South Congress Avenue West Palm Beach, FL 33406

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Joel B. Rothman
SRIPLAW
21301 Powerline Road, Suite 100
Boca Raton, FL  33433
561.404.4350 - Telephone
joel.rothman@sriplaw.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**SUMMONS**

Date:      Jun 29, 2023

*s/ Nadhege Augustin*

Deputy Clerk
U.S. District Courts

Angela E. Noble
Clerk of Court

Case 9:23-cv-80973-RLR Document 13-2 Entered on FLSD Docket 08/04/2023 Page 24 of 52

Majestic Process    Tel:  561 310-4690

## RETURN OF SERVICE

Case no.:  9:23 cv 80973 RLR          Court:  United States District, Southern Florida

Plaintiff:  PANORAMIC STOCK IMAGES, LTD dba PANORAMIC IMAGES

Defendant:  MARIA EUGENIA ZELAYA  and PARTNERSHIP REALTY, INC.

Hearing Date:  21 days
Writ:  Summons and Complaint for Copyright Infringement
For:  Joel B Rothman, Esq.
       Schneider Rothman IP Law Group PLLC

TO BE SERVED ON:        PARTNERSHIP REALTY, INC.
                        1663 South Congress Avenue, West Palm Beach, FL  33406

   I received this process on  June 30, 2023 at 5:30 p.m.

   I  executed service on  July 6, 2023 at 1:00 p.m.
   I  delivered a copy of this process in accordance with state statutes in the manner
below:

____INDIVIDUAL SERVICE:  Served the within named person.

____SUBSTITUTE SERVICE:  Served at the within named person's usual place of abode
       with a person residing therein the age of l5 years or older and explained the general
       nature of the process:

XX__CORPORATE SERVICE:  Served:  Registered Agent Ismael Alvarez

____NON SERVICE:  For the reasons in the comments below.

DESCRIPTION:  Hisp. male, 61 years, 5'8", thin, dark hair, glasses
COMMENTS:

I certify that I am over the age of 18, have no interest in the above action, and have proper
authority in the jurisdiction in which this service was made.  Under penalty of perjury, I declare
that the facts set forth in the foregoing Return of Service are true and correct.

Laurie Witkin
Process Server #576 in good
standing, 15th Circuit Court,
Palm Beach County, Florida

EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.:  9:23-cv-80973**

PANORAMIC STOCK IMAGES, LTD DBA
PANORAMIC IMAGES,

        Plaintiff,

v.

MARIA EUGENIA ZELAYA and
PARTNERSHIP REALTY INC.,

        Defendants.

_____

## DECLARATION OF MARIAN V. QUINTERO IN SUPPORT OF MOTION FOR ENTRY OF CLERK'S DEFAULT

I, MARIAN V. QUINTERO, declare and say:

1.      I am an attorney duly licensed to practice before this Court, and I am counsel for Plaintiff PANORAMIC STOCK IMAGES, LTD DBA PANORAMIC IMAGES ("Panoramic") in the above-captioned matter. I make this Declaration, which is filed in support of Plaintiff's Motion for Entry of Clerk's Default, and I could and would testify competently to the matters set forth herein.

2.      On June 28, 2023, Plaintiff filed its Complaint against Defendants MARIA EUGENIA ZELAYA ("Zelaya") and PARTNERSHIP REALTY INC. ("Partnership") (collectively "Defendants") [ECF 1].

3.      On July 1, 2023, Partnership Realty Inc. was served with the Summons and a copy of the Complaint and exhibits by personal service, by serving its registered agent, Ismael Alvarez, 1663 South Congress Avenue, West Palm Beach, Florida 33406.

4.      On July 7, 2023, Maria Eugenia Zelaya was served with the Summons and a copy of the Complaint and exhibits by substitute service, at 732 Elm Road, West Palm Beach, Florida 33409.

5.      Attached hereto as Exhibit "A" is a true and correct copy of the Affidavit of Service on file with the Court, reflecting that Defendant Partnership was served by personal service and Defendant Zelaya was served by substitute service, with their respective Summons and a copy of the Complaint and Exhibits.

6.      The time allowed for Defendants to respond to the Complaint has expired.

7.      Defendants have not been granted an extension of time to respond to the Complaint.

8.      Defendants have failed to answer or otherwise respond to the Complaint, or serve a copy of their Answer or other response upon Plaintiff's attorneys of record.

9.      I am informed and do not believe that Defendants are infants or incompetent persons, and, upon information and belief, the Servicemembers Civil Relief Act does not apply.

I declare under perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 9, 2023.


*/s/ Marian V. Quintero*
MARIAN V. QUINTERO

2

EXHIBIT 6

Re: Panoramic Stock Images, Ltd dba Panoramic Images v. Maria Eugenia Zelaya and Partnership Realty, Inc., Case No.: 9:23-cv-80979-RLR

From:  GLENN H. MITCHELL (ghmitchelllaw@aol.com)

To:      marian.quintero@sriplaw.com

Date:  Monday, August 14, 2023 at 10:41 AM EDT

Good morning,

Have you had an opportunity to review my email of August 9, 2023?

Glenn Mitchell

LAW OFFICE OF GLENN H. MITCHELL
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777

On Wednesday, August 9, 2023 at 01:53:37 PM EDT, GLENN H. MITCHELL <ghmitchelllaw@aol.com> wrote:

Ms. Quintero

I apologize that it has taken me a little bit of time to get back with you, but I had spinal surgery on July 31, 2023, and I am just getting back on my feet.  I have done a little bit of investigation.  I represent Partnership Realty, which is the Broker.  I am trying to help Ms. Zelaya, but if this goes any further, she will have to obtain her own attorney.  Partnership Realty is a real estate broker that had no knowledge of what Ms. Zelaya was doing.  Partnership Realty is innocent in this matter and received no benefits.  My investigation reveals that perhaps you have sued the wrong party.  More specifically, Ms. Zelaya hired a company by the name of 10minuteswebsite.com to build her a website.  She had no knowledge if this company acted with any impropriety.  As a salesperson, she needed to place down a broker's name under Florida law. Perhaps, you should direct your lawsuit to 10minuteswebsite.  It appears that this company used the photograph. If there is a wrongdoer, it is the web designer, not Partnership Realty or Ms. Zelaya.

I have briefly looked at your complaint and it is not my intention at this time to file a motion to dismiss, as I believe there are some problems with your pleading. However, to bring this matter to a prompt conclusion, I have the authority to offer your client the sum of $2,000, which will be shared between these two defendants in full settlement of this action.  I think it is going to be difficult for your client to prove actual damages, and the statutory damages seem to be minimal.

If this is acceptable, please notify me immediately so the case can be brought to a prompt conclusion.  If not, please let me know and I will file an appropriate motion and see that Ms. Zelaya gets proper representation.

I look forward to hearing from you in the near future.


Glenn Mitchell




LAW OFFICE OF GLENN H. MITCHELL
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777


On Wednesday, July 26, 2023 at 04:27:35 PM EDT, Marian Quintero <marian.quintero@sriplaw.com> wrote:

**FRE 408 CONFIDENTIAL SETTLEMENT COMMUNICATIONS**

Dear Mr. Mitchell:

The claims against your client include copyright infringement and copyright management information removal. My client is seeking statutory damages. Pursuant to 17 USC 504(c), my client is entitled to damages in the range of $750-$30,000 for non-willful copyright infringement and up to $150,000 if found to be willful. As for the copyright management information removal claim, my client is entitled to recover a statutory damages award of $2,500 to $25,000 for each violation, as well as attorney's fees and injunctive relief under 17 U.S.C. § 1703.

My client authorized me to make a demand of $25,000. This demand is based on the following factors:

First, Courts often award a deterrence multiplier as "it costs less to obey the copyright laws than to violate them." *Broadcast Music, Inc. v. Pamdh Enter., Inc.*, No. 13-CV-2255 (KMW), 2014 WL 2781846, at *3 (S.D.N.Y. June 19, 2014); *See Odnil Music Litd. V. Katharsis, LLC*, CIV-S-05-0545, 2006 WL 2545869 at *7 (E.D. Cal. July 21, 2006) ("Recognizing the important deterrent purpose served by statutory damages…").

Further, unlike actual damages, statutory damages include a deterrence component, which justifies a higher award. *See Webloyalty.com, Inc. v. Consumer Innovations, LLC*, 388 F. Supp. 2d 435, 442 (D. Del. 2005). In fact, Congress intended the statutory damages to be "substantially" higher than actual damages: Courts…must be able to render awards that deter others from infringing intellectual property rights. It is important that the cost of infringement substantially exceed the costs of compliance, so that persons who use or distribute intellectual property have a strong incentive to abide by the copyright laws. H.R. Rep. No. 106–216, at 6 (1999).

And statutory damages may be elected regardless of the adequacy of evidence offered as to actual damages. *See Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001). In fact, the Supreme Court has stated that "even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within [the] statutory limits to sanction and vindicate the statutory policy" of discouraging infringement. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952).

As outlined above, courts will apply multipliers to determine statutory damages. These multipliers can be based on licensing, or they can be based on the minimum statutory damages. Multipliers can be awarded for deterrence, scarcity, exclusivity, and market value. Please let us know if we can get this resolved for $25,000.

Best,



Florida | Los Angeles | New York | Atlanta | Nashville

**Marian V. Quintero**
Associate
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
Main: (561) 404-4350
Direct: (786) 743-0018
Marian.quintero@sriplaw.com
www.sriplaw.com

---

**From:** GLENN H. MITCHELL <ghmitchelllaw@aol.com>
**Sent:** Tuesday, July 25, 2023 9:28 AM
**To:** Marian Quintero <marian.quintero@sriplaw.com>
**Subject:** Panoramic Stock Images, Ltd dba Panoramic Images v. Maria Eugenia Zelaya and Partnership Realty, Inc., Case No.: 9:23-cv-80979-RLR

Marian:

As per our telephone conversation of July 24, 2023, I will be representing Partnership Realty, Inc., in the case that you have filed on behalf of Panoramic Stock Images, in the United States District Court Case Number 9:23-cv-80979-RLR.  Based on our agreement, you have provided me with a 20-day extension of time to file a responsive pleading.  For your information, I am having back surgery on July 31, 2023.  Further, it is my understanding that co-defendant, Maria Zelaya, will be obtaining an attorney in the near future.  Additionally, as per our discussion, please give me an idea of what your client is seeking.

I look forward to hearing from you in the near future.


Glenn Mitchell



LAW OFFICE OF GLENN H. MITCHELL
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777

**EXHIBIT 7**

Re: Panoramic Stock Images, Ltd dba Panoramic Images v. Maria Eugenia Zelaya and Partnership Realty, Inc., Case No.: 9:23-cv-80979-RLR

From:   GLENN H. MITCHELL (ghmitchelllaw@aol.com)

To:      marian.quintero@sriplaw.com

Date:   Monday, August 14, 2023 at 04:02 PM EDT

Ms. Quintero:

I have not heard back from you in connection with my two recent emails.  We were discussing settlement.  Please contact me at your earliest convenience.  I will again ask for an additional 5-day extension to file an appropriate pleading in the hopes of a prompt resolution.

I hope to hear from you in the very near future.

Glenn Mitchell

LAW OFFICE OF GLENN H. MITCHELL
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777

> On Monday, August 14, 2023 at 10:41:28 AM EDT, GLENN H. MITCHELL <ghmitchelllaw@aol.com> wrote:
>
> Good morning,
>
> Have you had an opportunity to review my email of August 9, 2023?
>
> Glenn Mitchell
>
> LAW OFFICE OF GLENN H. MITCHELL

The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777


On Wednesday, August 9, 2023 at 01:53:37 PM EDT, GLENN H. MITCHELL <ghmitchelllaw@aol.com> wrote:


Ms. Quintero

I apologize that it has taken me a little bit of time to get back with you, but I had spinal surgery on July 31, 2023, and I am just getting back on my feet.  I have done a little bit of investigation.  I represent Partnership Realty, which is the Broker.  I am trying to help Ms. Zelaya, but if this goes any further, she will have to obtain her own attorney.  Partnership Realty is a real estate broker that had no knowledge of what Ms. Zelaya was doing.  Partnership Realty is innocent in this matter and received no benefits.  My investigation reveals that perhaps you have sued the wrong party.  More specifically, Ms. Zelaya hired a company by the name of 10minuteswebsite.com to build her a website.  She had no knowledge if this company acted with any impropriety.  As a salesperson, she needed to place down a broker's name under Florida law. Perhaps, you should direct your lawsuit to 10minuteswebsite.  It appears that this company used the photograph. If there is a wrongdoer, it is the web designer, not Partnership Realty or Ms. Zelaya.

I have briefly looked at your complaint and it is not my intention at this time to file a motion to dismiss, as I believe there are some problems with your pleading.  However, to bring this matter to a prompt conclusion, I have the authority to offer your client the sum of $2,000, which will be shared between these two defendants in full settlement of this action.  I think it is going to be difficult for your client to prove actual damages, and the statutory damages seem to be minimal.

If this is acceptable, please notify me immediately so the case can be brought to a prompt conclusion.  If not, please let me know and I will file an appropriate motion and see that Ms. Zelaya gets proper representation.

I look forward to hearing from you in the near future.


Glenn Mitchell

LAW OFFICE OF GLENN H. MITCHELL
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777

On Wednesday, July 26, 2023 at 04:27:35 PM EDT, Marian Quintero <marian.quintero@sriplaw.com> wrote:

**FRE 408 CONFIDENTIAL SETTLEMENT COMMUNICATIONS**

Dear Mr. Mitchell:

The claims against your client include copyright infringement and copyright management information removal. My client is seeking statutory damages. Pursuant to 17 USC 504(c), my client is entitled to damages in the range of $750-$30,000 for non-willful copyright infringement and up to $150,000 if found to be willful. As for the copyright management information removal claim, my client is entitled to recover a statutory damages award of $2,500 to $25,000 for each violation, as well as attorney's fees and injunctive relief under 17 U.S.C. § 1703.

My client authorized me to make a demand of $25,000. This demand is based on the following factors:

First, Courts often award a deterrence multiplier as "it costs less to obey the copyright laws than to violate them." *Broadcast Music, Inc. v. Pamdh Enter., Inc.*, No. 13-CV-2255 (KMW), 2014 WL 2781846, at *3 (S.D.N.Y. June 19, 2014); *See Odnil Music Litd. V. Katharsis, LLC*, CIV-S-05-0545, 2006 WL 2545869 at *7 (E.D. Cal. July 21, 2006) ("Recognizing the important deterrent purpose served by statutory damages…").

Further, unlike actual damages, statutory damages include a deterrence component, which justifies a higher award. *See Webloyalty.com, Inc. v. Consumer Innovations, LLC*, 388 F. Supp. 2d 435, 442 (D. Del. 2005). In fact, Congress intended the statutory damages to be "substantially" higher than actual damages: Courts…must be able to render awards that deter others from infringing intellectual property rights. It is important that the cost of infringement substantially exceed the costs of compliance, so that persons who use or distribute intellectual property have a strong incentive to abide by the copyright laws. H.R. Rep. No. 106–216, at 6 (1999).

And statutory damages may be elected regardless of the adequacy of evidence offered as to actual damages. *See Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001). In fact, the Supreme Court has stated that "even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within [the] statutory limits to

sanction and vindicate the statutory policy" of discouraging infringement. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952).

As outlined above, courts will apply multipliers to determine statutory damages. These multipliers can be based on licensing, or they can be based on the minimum statutory damages. Multipliers can be awarded for deterrence, scarcity, exclusivity, and market value. Please let us know if we can get this resolved for $25,000.

Best,



Florida | Los Angeles | New York | Atlanta | Nashville

**Marian V. Quintero**
Associate
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
Main: (561) 404-4350
Direct: (786) 743-0018
Marian.quintero@sriplaw.com
www.sriplaw.com

---

**From:** GLENN H. MITCHELL <ghmitchelllaw@aol.com>
**Sent:** Tuesday, July 25, 2023 9:28 AM
**To:** Marian Quintero <marian.quintero@sriplaw.com>
**Subject:** Panoramic Stock Images, Ltd dba Panoramic Images v. Maria Eugenia Zelaya and Partnership Realty, Inc., Case No.: 9:23-cv-80979-RLR

Marian:

As per our telephone conversation of July 24, 2023, I will be representing Partnership Realty, Inc., in the case that you have filed on behalf of Panoramic Stock Images, in the United States District Court Case Number 9:23-cv-80979-RLR.  Based on our agreement, you have provided me with a 20-day extension of time to file a responsive pleading.  For your information, I am having back surgery on July 31, 2023.  Further, it is my understanding that co-defendant, Maria Zelaya, will be obtaining an attorney in the near future.  Additionally, as per our discussion, please give me an idea of what your client is seeking.

I look forward to hearing from you in the near future.


Glenn Mitchell

LAW OFFICE OF GLENN H. MITCHELL
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777

**EXHIBIT 8**

Re: Panoramic Stock Images, Ltd dba Panoramic Images v. Maria Eugenia Zelaya and Partnership Realty, Inc., Case No.: 9:23-cv-80979-RLR

From:   Marian Quintero (marian.quintero@sriplaw.com)

To:       ghmitchelllaw@aol.com

Date:   Monday, August 14, 2023 at 05:21 PM EDT

Hi Mr. Mitchell,

I called you but was unable to reach you. Unfortunately, I had not heard from you until a week after your deadline to answer the complaint. Our firm's paralegals periodically file clerk default's so because the deadline had passed my paralegal had done shortly after the deadline. However, the entry of the clerk default does not limit us from continuing to negotiate.

Best,



Florida | Los Angeles | New York | Atlanta | Nashville

**Marian V. Quintero**
Associate
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
Main: (561) 404-4350
Direct: (786) 743-0018
Marian.quintero@sriplaw.com
www.sriplaw.com

---

**From:** GLENN H. MITCHELL <ghmitchelllaw@aol.com>
**Sent:** Monday, August 14, 2023 4:02 PM
**To:** Marian Quintero <marian.quintero@sriplaw.com>
**Subject:** Re: Panoramic Stock Images, Ltd dba Panoramic Images v. Maria Eugenia Zelaya and Partnership Realty, Inc., Case No.: 9:23-cv-80979-RLR

Ms. Quintero:

I have not heard back from you in connection with my two recent emails.  We were discussing settlement.  Please contact me at your earliest convenience.  I will again ask for an additional 5-day extension to file an appropriate pleading in the hopes of a prompt resolution.

I hope to hear from you in the very near future.

Glenn Mitchell

LAW OFFICE OF GLENN H. MITCHELL
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777

On Monday, August 14, 2023 at 10:41:28 AM EDT, GLENN H. MITCHELL <ghmitchelllaw@aol.com> wrote:

Good morning,

Have you had an opportunity to review my email of August 9, 2023?

Glenn Mitchell

LAW OFFICE OF GLENN H. MITCHELL
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777

On Wednesday, August 9, 2023 at 01:53:37 PM EDT, GLENN H. MITCHELL <ghmitchelllaw@aol.com> wrote:

Ms. Quintero

I apologize that it has taken me a little bit of time to get back with you, but I had spinal surgery on July 31, 2023, and I am just getting back on my feet.  I have done a little bit of investigation.  I represent Partnership Realty, which is the Broker.  I am trying to help Ms. Zelaya, but if this goes any further, she will have to obtain her own attorney.  Partnership Realty is a real estate broker that had no knowledge of what Ms. Zelaya was doing.  Partnership Realty is innocent in this matter and received no benefits.  My investigation reveals that perhaps you have sued the wrong party.  More specifically, Ms. Zelaya hired a company by the

name of 10minuteswebsite.com to build her a website.  She had no knowledge if this company acted with any impropriety.  As a salesperson, she needed to place down a broker's name under Florida law. Perhaps, you should direct your lawsuit to 10minuteswebsite.  It appears that this company used the photograph. If there is a wrongdoer, it is the web designer, not Partnership Realty or Ms. Zelaya.

I have briefly looked at your complaint and it is not my intention at this time to file a motion to dismiss, as I believe there are some problems with your pleading. However, to bring this matter to a prompt conclusion, I have the authority to offer your client the sum of $2,000, which will be shared between these two defendants in full settlement of this action.  I think it is going to be difficult for your client to prove actual damages, and the statutory damages seem to be minimal.

If this is acceptable, please notify me immediately so the case can be brought to a prompt conclusion.  If not, please let me know and I will file an appropriate motion and see that Ms. Zelaya gets proper representation.

I look forward to hearing from you in the near future.


Glenn Mitchell


LAW OFFICE OF GLENN H. MITCHELL
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777


On Wednesday, July 26, 2023 at 04:27:35 PM EDT, Marian Quintero <marian.quintero@sriplaw.com> wrote:


**FRE 408 CONFIDENTIAL SETTLEMENT COMMUNICATIONS**

Dear Mr. Mitchell:

The claims against your client include copyright infringement and copyright management information removal. My client is seeking statutory damages. Pursuant to 17 USC 504(c), my client is entitled to damages in the range of $750-$30,000 for non-willful copyright infringement and up to $150,000 if found to be willful. As for the copyright management information removal claim, my client is entitled to recover a statutory damages award of $2,500 to $25,000 for each violation, as well as attorney's fees and injunctive relief under 17 U.S.C. § 1703.

My client authorized me to make a demand of $25,000. This demand is based on the following factors:

First, Courts often award a deterrence multiplier as "it costs less to obey the copyright laws than to violate them." *Broadcast Music, Inc. v. Pamdh Enter., Inc.*, No. 13-CV-2255 (KMW), 2014 WL 2781846, at *3 (S.D.N.Y. June 19, 2014); *See Odnil Music Litd. V. Katharsis, LLC*, CIV-S-05-0545, 2006 WL 2545869 at *7 (E.D. Cal. July 21, 2006) ("Recognizing the important deterrent purpose served by statutory damages…").

Further, unlike actual damages, statutory damages include a deterrence component, which justifies a higher award. *See Webloyalty.com, Inc. v. Consumer Innovations, LLC*, 388 F. Supp. 2d 435, 442 (D. Del. 2005). In fact, Congress intended the statutory damages to be "substantially" higher than actual damages: Courts…must be able to render awards that deter others from infringing intellectual property rights. It is important that the cost of infringement substantially exceed the costs of compliance, so that persons who use or distribute intellectual property have a strong incentive to abide by the copyright laws. H.R. Rep. No. 106–216, at 6 (1999).

And statutory damages may be elected regardless of the adequacy of evidence offered as to actual damages. *See Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001). In fact, the Supreme Court has stated that "even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within [the] statutory limits to sanction and vindicate the statutory policy" of discouraging infringement. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952).

As outlined above, courts will apply multipliers to determine statutory damages. These multipliers can be based on licensing, or they can be based on the minimum statutory damages. Multipliers can be awarded for deterrence, scarcity, exclusivity, and market value. Please let us know if we can get this resolved for $25,000.

Best,



Florida | Los Angeles | New York | Atlanta | Nashville

**Marian V. Quintero**
Associate
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
Main: (561) 404-4350
Direct: (786) 743-0018
Marian.quintero@sriplaw.com
www.sriplaw.com

**From:** GLENN H. MITCHELL <ghmitchelllaw@aol.com>
**Sent:** Tuesday, July 25, 2023 9:28 AM
**To:** Marian Quintero <marian.quintero@sriplaw.com>
**Subject:** Panoramic Stock Images, Ltd dba Panoramic Images v. Maria Eugenia Zelaya and Partnership Realty, Inc., Case No.: 9:23-cv-80979-RLR

Marian:

As per our telephone conversation of July 24, 2023, I will be representing Partnership Realty, Inc., in the case that you have filed on behalf of Panoramic Stock Images, in the United States District Court Case Number 9:23-cv-80979-RLR.  Based on our agreement, you have provided me with a 20-day extension of time to file a responsive pleading.  For your information, I am having back surgery on July 31, 2023.  Further, it is my understanding that co-defendant, Maria Zelaya, will be obtaining an attorney in the near future.  Additionally, as per our discussion, please give me an idea of what your client is seeking.

I look forward to hearing from you in the near future.


Glenn Mitchell



LAW OFFICE OF GLENN H. MITCHELL
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777

EXHIBIT 9

Re: Panoramic Stock Images, Ltd dba Panoramic Images v. Maria Eugenia Zelaya and Partnership Realty, Inc., Case No.: 9:23-cv-80979-RLR

From:   GLENN H. MITCHELL (ghmitchelllaw@aol.com)

To:     marian.quintero@sriplaw.com

Date:   Tuesday, August 15, 2023 at 03:52 PM EDT

Ms. Quintero:

I am shocked at your law firm's actions.  On July 25, 2023, I asked you whether you would have any objection to a 20-day extension to file a responsive pleading or otherwise resolve the case.  You agreed.  I had back surgery on July 31, 2023.  I received your settlement offer on July 26, 2023.  On August 9, 2023, I sent you an email with a counteroffer.  However, on August 9, 2023, which was before the 20 days ran, you moved for a default notwithstanding our agreement.  On August 14, 2023, I sent you another email asking if you had an opportunity to review my email.  I think at the very least you would have told me about the default.  I am requesting that you agree that I may submit an Order setting aside the default.  Please respond immediately.

Glenn Mitchell


LAW OFFICE OF GLENN H. MITCHELL
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777


On Monday, August 14, 2023 at 05:21:02 PM EDT, Marian Quintero <marian.quintero@sriplaw.com> wrote:

Hi Mr. Mitchell,

I called you but was unable to reach you. Unfortunately, I had not heard from you until a week after your deadline to answer the complaint. Our firm's paralegals periodically file clerk default's so because the deadline had passed my paralegal had done shortly after the deadline. However, the entry of the clerk default does not limit us from continuing to negotiate.

Best,



Florida | Los Angeles | New York | Atlanta | Nashville
**Marian V. Quintero**
Associate

21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
Main: (561) 404-4350
Direct: (786) 743-0018

Marian.quintero@sriplaw.com
www.sriplaw.com

---

**From:** GLENN H. MITCHELL <ghmitchelllaw@aol.com>
**Sent:** Monday, August 14, 2023 4:02 PM
**To:** Marian Quintero <marian.quintero@sriplaw.com>
**Subject:** Re: Panoramic Stock Images, Ltd dba Panoramic Images v. Maria Eugenia Zelaya and Partnership Realty, Inc., Case No.: 9:23-cv-80979-RLR

Ms. Quintero:


I have not heard back from you in connection with my two recent emails.  We were discussing settlement.  Please contact me at your earliest convenience.  I will again ask for an additional 5-day extension to file an appropriate pleading in the hopes of a prompt resolution.


I hope to hear from you in the very near future.


Glenn Mitchell




LAW OFFICE OF GLENN H. MITCHELL
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777


On Monday, August 14, 2023 at 10:41:28 AM EDT, GLENN H. MITCHELL <ghmitchelllaw@aol.com> wrote:


Good morning,


Have you had an opportunity to review my email of August 9, 2023?

Glenn Mitchell

LAW OFFICE OF GLENN H. MITCHELL
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777

On Wednesday, August 9, 2023 at 01:53:37 PM EDT, GLENN H. MITCHELL <ghmitchelllaw@aol.com> wrote:

Ms. Quintero

I apologize that it has taken me a little bit of time to get back with you, but I had spinal surgery on July 31, 2023, and I am just getting back on my feet.  I have done a little bit of investigation.  I represent Partnership Realty, which is the Broker.  I am trying to help Ms. Zelaya, but if this goes any further, she will have to obtain her own attorney.  Partnership Realty is a real estate broker that had no knowledge of what Ms. Zelaya was doing.  Partnership Realty is innocent in this matter and received no benefits.  My investigation reveals that perhaps you have sued the wrong party.  More specifically, Ms. Zelaya hired a company by the name of 10minuteswebsite.com to build her a website.  She had no knowledge if this company acted with any impropriety.  As a salesperson, she needed to place down a broker's name under Florida law. Perhaps, you should direct your lawsuit to 10minuteswebsite.  It appears that this company used the photograph. If there is a wrongdoer, it is the web designer, not Partnership Realty or Ms. Zelaya.

I have briefly looked at your complaint and it is not my intention at this time to file a motion to dismiss, as I believe there are some problems with your pleading. However, to bring this matter to a prompt conclusion, I have the authority to offer your client the sum of $2,000, which will be shared between these two defendants in full settlement of this action.  I think it is going to be difficult for your client to prove actual damages, and the statutory damages seem to be minimal.

If this is acceptable, please notify me immediately so the case can be brought to a prompt conclusion.  If not, please let me know and I will file an appropriate motion and see that Ms. Zelaya gets proper representation.

I look forward to hearing from you in the near future.

Glenn Mitchell

LAW OFFICE OF GLENN H. MITCHELL
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777


On Wednesday, July 26, 2023 at 04:27:35 PM EDT, Marian Quintero <marian.quintero@sriplaw.com> wrote:


**FRE 408 CONFIDENTIAL SETTLEMENT COMMUNICATIONS**

Dear Mr. Mitchell:

The claims against your client include copyright infringement and copyright management information removal. My client is seeking statutory damages. Pursuant to 17 USC 504(c), my client is entitled to damages in the range of $750-$30,000 for non-willful copyright infringement and up to $150,000 if found to be willful. As for the copyright management information removal claim, my client is entitled to recover a statutory damages award of $2,500 to $25,000 for each violation, as well as attorney's fees and injunctive relief under 17 U.S.C. § 1703.

My client authorized me to make a demand of $25,000. This demand is based on the following factors:

First, Courts often award a deterrence multiplier as "it costs less to obey the copyright laws than to violate them." *Broadcast Music, Inc. v. Pamdh Enter., Inc.*, No. 13-CV-2255 (KMW), 2014 WL 2781846, at *3 (S.D.N.Y. June 19, 2014); *See Odnil Music Litd. V. Katharsis, LLC*, CIV-S-05-0545, 2006 WL 2545869 at *7 (E.D. Cal. July 21, 2006) ("Recognizing the important deterrent purpose served by statutory damages…").

Further, unlike actual damages, statutory damages include a deterrence component, which justifies a higher award. *See Webloyalty.com, Inc. v. Consumer Innovations, LLC*, 388 F. Supp. 2d 435, 442 (D. Del. 2005). In fact, Congress intended the statutory damages to be "substantially" higher than actual damages: Courts…must be able to render awards that deter others from infringing intellectual property rights. It is important that the cost of infringement substantially exceed the costs of compliance, so that persons who use or distribute intellectual property have a strong incentive to abide by the copyright laws. H.R. Rep. No. 106–216, at 6 (1999).

And statutory damages may be elected regardless of the adequacy of evidence offered as to actual damages. *See Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001). In fact, the Supreme Court has stated that "even for uninjurious and unprofitable

invasions of copyright the court may, if it deems it just, impose a liability within [the] statutory limits to sanction and vindicate the statutory policy" of discouraging infringement. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952).

As outlined above, courts will apply multipliers to determine statutory damages. These multipliers can be based on licensing, or they can be based on the minimum statutory damages. Multipliers can be awarded for deterrence, scarcity, exclusivity, and market value. Please let us know if we can get this resolved for $25,000.

Best,



Florida | Los Angeles | New York | Atlanta | Nashville
**Marian V. Quintero**
Associate
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
Main: (561) 404-4350
Direct: (786) 743-0018
Marian.quintero@sriplaw.com
www.sriplaw.com

**From:** GLENN H. MITCHELL <ghmitchelllaw@aol.com>
**Sent:** Tuesday, July 25, 2023 9:28 AM
**To:** Marian Quintero <marian.quintero@sriplaw.com>
**Subject:** Panoramic Stock Images, Ltd dba Panoramic Images v. Maria Eugenia Zelaya and Partnership Realty, Inc., Case No.: 9:23-cv-80979-RLR

Marian:

As per our telephone conversation of July 24, 2023, I will be representing Partnership Realty, Inc., in the case that you have filed on behalf of Panoramic Stock Images, in the United States District Court Case Number 9:23-cv-80979-RLR.  Based on our agreement, you have provided me with a 20-day extension of time to file a responsive pleading.  For your information, I am having back surgery on July 31, 2023.  Further, it is my understanding that co-defendant, Maria Zelaya, will be obtaining an attorney in the near future.  Additionally, as per our discussion, please give me an idea of what your client is seeking.

I look forward to hearing from you in the near future.


Glenn Mitchell

LAW OFFICE OF GLENN H. MITCHELL
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:  9:23-cv-80973

PANORAMIC STOCK IMAGES, LTD DBA
PANORAMIC IMAGES,

     Plaintiff,

v.

MARIA EUGENIA ZELAYA and
PARTNERSHIP REALTY INC.,

     Defendants.

_____/

## AFFIDAVIT OF GLENN H. MITCHELL

STATE OF FLORIDA
COUNTY OF PALM BEACH

BEFORE ME, the undersigned personally appeared GLENN H.

MITCHELL, who hereby attests to this Affidavit under penalties of perjury the

following

    1.     My name is Glenn H. Mitchell, and I am a duly licensed attorney in

the State of Florida and in Federal Court for the Southern District of Florida.

    2.     I have personal knowledge of the facts set forth in this Affidavit.

    3.     I am the attorney for the Defendant, Partnership Realty Inc.

1

4. The Plaintiff filed its Complaint against Defendants, Maria Eugenia Zelaya and Partnership Realty Inc., on June 29, 2023.

5. A Corporate Representative for the Defendant, Partnership Realty Inc., came to my office on July 24, 2023, and retained me to represent the Defendant in this action.

6. On July 24, 2023, I spoke by telephone to Plaintiff's attorney, Marian Quintero. I advised Ms. Quintero of my representation, and specifically requested a 20-day extension of time to file a responsive pleading to the Complaint. I informed Ms. Quintero that I was having back surgery on July 31, 2023 and that the co-defendant, Maria Eugenia Zelaya would also be obtaining an attorney in the near future if we could not settle the case. Ms. Quintero agreed to the 20-day extension of time and she also indicated that this additional time could be utilized to attempt to determine what the Plaintiff was seeking to settle the case early.

7. I confirmed this telephone conversation with an email to Ms. Quintero confirming the agreement for the 20-day extension, on July 25, 2023 at 9:28 A.M., which is attached to my Motion to Set Aside Default and Motion for Sanctions. Exhibit 1.

8. Pursuant to the agreement, the Defendant's responsive pleading would be due on August 14, 2023, if the case did not settle.

2

9.      Consistent with the agreement as set forth in Exhibit 1, on July 26, 2023, Ms. Quintero sent me an email setting forth her client's settlement demand to resolve the case.  See Exhibit 2 of Motion to Set Aside Default.

10.     Ms. Quintero knew of my representation of the Defendant, Partnership Realty Inc., as she sent this demand to me in an attempt to resolve the above styled case prior to a responsive pleading being filed.

11.     I had back surgery on July 31, 2023 and was hospitalized for two days.

12.     On August 9, 2023, which was 5 days before the date that was agreed upon for Defendant to file a responsive pleading if necessary should a settlement not be reached, I sent Ms. Quintero another email with a counter-offer. See Exhibit 3 to Motion to Set Aside Default.

13.     Ms. Quintero did not immediately respond to my email. Rather, without notifying me, Marian Quintero, on behalf of the Plaintiff filed Plaintiff's Motion for Entry of Clerk's Default against both Defendants on August 9, 2023. See Exhibit 4 to Motion to Set Aside Default.

14.     In this motion, Ms. Quintero alleged, "The time allowed for Defendants to respond to the Complaint has expired. Neither Panoramic nor the Court has granted Defendants an extension of time to respond to the Complaint."

3

Ms. Quintero failed to point out to the Court that an agreement had been reached for an extension of time to file a pleading and that she had been in contact with me by email and telephone.  In the Declaration of Marian V. Quintero in Support of Motion for Entry of Clerk's Default, which was filed with Plaintiff's Motion for Entry of Clerk's Default, Ms. Quintero specifically swore to the facts in the pleading.  The Declaration states, "I declare under perjury under the laws of the United States of America that the foregoing is true and correct."  See Exhibit 5 to Motion to Set Aside Default.  Paragraph 7 of Ms. Quintero's Declaration specifically states, "Defendants have not been granted an extension of time to respond to the Complaint."  Paragraph 7 of Ms. Quintero's Declaration was not true or accurate.

15.    I was not notified by Ms. Quintero or anyone else that she was taking action to file a Motion for Entry of Clerk's Default.  A Clerk's Default was entered on August 10, 2023.

16.    Not receiving a response to my email, on August 14, 2023, I wrote Ms. Quintero an email asking if she had had an opportunity to review my email of August 9, 2023. See Exhibit 6 to Motion to Set Aside Default.

17.    On August 14, 2023, I again contacted Ms. Quintero by email reminding her the he had not heard back from her in connection with the two

4

recent emails regarding settlement. A request was made for an additional 5-day extension to resolve the case or file an appropriate pleading. I was unaware that a Default had been entered 4 days earlier. See Exhibit 7 to Motion to Set Aside Default.

18.     On August 14, 2023, at 5:21 P.M., Ms. Quintero responded to me and indicated that she had not heard back from me until a week after the deadline.  See Exhibit 8 to Motion to Set Aside Default.  This representation was not correct as the 20-day extension continued until August 14, 2023.

19.     Further, on August 15, 2023, after finding out about the default, I asked Ms. Quintero whether she would agree to allow me to submit an Agreed Order Setting Aside the Default in light of the circumstances.  See Exhibit 9 to Motion to Set Aside Default.  Ms. Quintero responded by simply indicating to file a Motion to Set Aside the Default.  She gave no indication that she would agree to the granting of the motion.

20.     I relied upon the agreement made between the parties to an extension of time to file a responsive pleading. In that period of time, the parties were attempting in good faith to resolve the case promptly. However, without any notice to me, Plaintiff requested a Default while leading me to believe that there was an

5

agreement for an extension of time to file a responsive pleading until August 14, 2023.

GLENN H. MITCHELL

STATE OF FLORIDA
COUNTY OF PALM BEACH

Sworn to and subscribed before me by means of [X] physical presence or [ ] online notarization on August 17, 2023 by GLENN H. MITCHELL.

Notary Public, State of Florida
My Commission Expires:

___ Personally known
___ Produced identification
Type of identification produced _____

PATRICIA I. SINCLAIR
Commission # HH 003099
Expires May 25, 2024
Bonded Thru Budget Notary Services

6